Filed 10/7/20  P. v. Hanley CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID VINCENT HANLEY,<br><br>    Defendant and Appellant. | A159155<br><br>(Humboldt County<br>Super. Ct. No.<br>CR995701DS) |

"In 2018, the Legislature passed and the Governor signed into law Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), legislation that prospectively amended the mens rea requirements for the offense of murder and restricted the circumstances under which a person can be liable for murder under the felony-murder rule or the natural and probable consequences doctrine.  (Stats. 2018, ch. 1015.)"  (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246.)  Senate Bill 1437 added Penal Code section 1170.95,[1] which authorizes a defendant previously convicted of felony-murder

---

[1] All undesignated statutory references are to the Penal Code.

or murder under a natural and probable consequences theory to file a petition seeking vacation of the conviction and resentencing.[2]

Here, the trial court denied the section 1170.95 petition of appellant and defendant David Vincent Hanley (Appellant) to have his felony-murder conviction vacated. The trial court held Senate Bill 1437 violated the separation of powers doctrine, the right of victims to finality of judgments under the Victims' Bill of Rights Act of 2008 (Prop. 9, as approved by voters, Gen. Elec. (Nov. 4, 2008)), and the prosecution's right to trial by jury. Appellant appealed.

On appeal, respondent District Attorney of Humboldt County (Respondent), does not attempt to defend the trial court's conclusions based on Proposition 9 and the prosecution's right to jury trial. Instead, Respondent argues Senate Bill 1437 violates the separation of powers doctrine; unconstitutionally amends Proposition 7, a voter initiative that increased the punishments for persons convicted of murder (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)); and unconstitutionally amends Proposition 115, a voter initiative that augmented the list of predicate

---

[2] Section 1170.95, subdivision (a) provides: "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:
"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.
"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.
"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

offenses for first degree felony-murder liability (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)).[3]

Respondent's arguments, as well as the trial court's conclusion based on Proposition 9, were considered and rejected by the Court of Appeal for the Fourth District, Division One, in *People v. Lamoureux* and *People v. Superior Court (Gooden)*. (*People v. Lamoureux*, *supra*, 42 Cal.App.5th at p. 246 [Senate Bill 1437 does not violate Propositions 7, 9, or 115, or the separation of powers doctrine]; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 289 [Senate Bill 1437 does not violate Propositions 7 or 115].)[4] Subsequently, other Courts of Appeal considering those issues have agreed. (See, e.g., *People v. Nash* (2020) 52 Cal.App.5th 1041 [Fifth District]; *People v. Superior Court of Butte Cty. (Ferraro)* (2020) 51 Cal.App.5th 896 [Third District]; *People v. Alaybue*, *supra*, 51 Cal.App.5th 207 [Sixth District]; *People v. Bucio* (2020) 48 Cal.App.5th 300 [Second District].) We follow those decisions in concluding that Respondent's contentions are without merit.[5]

---

[3] Respondent's July 29, 2020 request for judicial notice of the text, analysis, and arguments for Propositions 7 and 115 is granted.

[4] *People v. Lamoureux* did not actually address one aspect of Respondent's separation of powers claim—that Senate Bill 1437 takes the "power of charge selection" away from prosecutors and gives it to the judiciary. But that claim was rejected by the court in *People v. Alaybue* (2020) 51 Cal.App.5th 207, at page 219.

[5] We need not address the trial court's conclusion that "the readjudication procedures set forth in . . . section 1170.95 violate[] the right of the prosecution to have a trial by jury . . . ." Respondent does not argue that as a basis for affirmance, and any such claim is not "ripe for adjudication." (*People v. Nash*, *supra*, 52 Cal.App.5th at p. 1083 [concluding that claims based on the double jeopardy clause, due process and jury trial rights, and the statute of limitations are not ripe].)

Given the thorough consideration of Respondent's contentions in numerous published decisions, there is no need to address those contentions further herein.

## DISPOSITION

The trial court's order is reversed and the matter is remanded for consideration of Appellant's petition under section 1170.95 consistent with this opinion.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BURNS, J.

(A159155)

5